MARY FINK AND JOHN W. FINK, RESPONDENTS, *v.* THOMAS JETTER AND HENRY STILLGEBAUER, APPELLANTS.

*A bill of particulars will not be allowed where the information sought for lies peculiarly within the knowledge of the defendant.*

APPEAL from an order, made at a Special Term, denying a motion to compel the plaintiffs to furnish a bill of particulars.

This action was commenced to obtain a decree forfeiting a lease made by the plaintiffs to the defendants, and for a violation of the covenant of the lease, by which the defendants agreed to purchase, all pork which should be sold in the premises demised, from the lessors at regular market prices, and which provided that in the event of their refusal to do so then, and in such case, the lease should cease and terminate at the option of the lessors. The defendants deny that the covenant was violated and ask for a bill of particulars giving the dates and character thereof and the names and addresses of all persons connected with the violations.

The court at General Term said: " This action appears to have been commenced on the 14th of March, 1885, and the allegation of

the complaint in reference to the violation of the covenant is that the plaintiffs are informed that on the 14th of February, 1885, and at various other times, the defendants bought pork of other persons, and which pork was subsequently sold in the premises in violation of the covenant; and thus by this allegation, and. by the affidavit which appears in the papers, the breaches are embraced within the period between February fourteenth and March fourteenth following; and the plaintiff John Fink swears that he could not give the particulars of the breach believing that the facts could be proved on the trial by the defendants or their employees.

"It is not deemed necessary to examine the numerous allegations on the subject embraced in this appeal, as to whether the bill should be ordered, for the reason that it must depend upon the circumstances of the case. The gravamen of this action is the violation of the covenant already mentioned, and within a period of twenty-eight days; and this covenant, as it involves the acts of the defendants, is certainly within their own knowledge, because it is founded on their own acts and experience, and it is evident the plaintiffs rely for success upon statements which it is supposed were made by the defendants, or persons in their employment, as to the breach complained of.

"It appearing that knowledge of the acts complained of, if they have in fact been committed, is peculiarly and thoroughly with the defendants, it seems to be just that the plaintiffs under the circumstances should not be required to furnish a bill of particulars."

*Charles A. Flammer*, for the appellants.

*Thomas Allison*, for the respondents.

Opinion by Brady, J.; Davis, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements.